UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RENEE C. KENT,**

      **Plaintiff,**

      v.                        Case No. 25-C-326

**FRANK J. BISIGNANO,**
**Commissioner of Social Security,**

      **Defendant.**

---

## DECISION AND ORDER REVERSING THE COMMISSIONER'S DECISION

---

This is an action for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Renee C. Kent's applications for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff asserts that the decision of the administrative law judge (ALJ) is flawed and requires remand. For the following reasons, the decision of the Commissioner will be reversed and remanded for further proceedings.

## BACKGROUND

Plaintiff, then 45 years of age, filed an application for supplemental security income on June 17, 2020, and an application for a period of disability and disability insurance benefits on June 18, 2020, alleging disability beginning June 30, 2004. R. 214–26. She listed a learning disability, her right knee, arthritis, and her right shoulder as the conditions limiting her ability to work. R. 254. After her applications were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. ALJ Brent C. Bedwell conducted a hearing on May 2, 2022. R. 32–57. Plaintiff, who was represented by counsel, and a vocational expert

(VE) testified. At the hearing, Plaintiff amended her alleged onset date to June 17, 2020, the filing date of her Title XVI claim. R. 36–37. Because the amended onset date was after her date last insured, the ALJ dismissed the Title II claim. *See* R. 14–15.

In a written decision dated May 19, 2022, the ALJ concluded that Plaintiff was not disabled. R. 14–26. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the decision the final decision of the Commissioner. Plaintiff then filed a complaint in the United States District Court for the Eastern District of Wisconsin seeking judicial review of the ALJ's decision. The matter was reversed and remanded for further proceedings. R. 881–904; *see also Kent v. O'Malley*, No. 22-CV-1523 (E.D. Wis.).

ALJ Dean Syrjanen held a second administrative hearing on October 1, 2024. R. 777–822. Plaintiff, who was represented by counsel, and a VE testified. At the time of the hearing, Plaintiff was 48 years old, was 5'5", and weighed 250 pounds. R. 786. Plaintiff lived with her children, who were sixteen and twenty-three years old. R. 785. Plaintiff had a high school education and had not worked since the last ALJ decision in 2022. R. 786.

Plaintiff stated that her pain, arthritis, spine, shoulders, and legs prevent her from working any type of job. R. 791. She had a total replacement of her right knee and revision surgery twice. *Id.* The last revision surgery occurred in 2018. *Id.* Plaintiff stated that her doctors told her that the next step for her knee pain would be to redo the surgery, but the doctors would not perform the surgery on someone her age. R. 792. More recently, Plaintiff had problems with her right shoulder and had arthroscopic surgery. R. 791. She completed a course of physical therapy following the operation. R. 792. Plaintiff stated that the surgery did help with some of the pain in a certain area, but the surgery did not help with her arthritis. *Id.* She testified that she has some problems with the left arm as well. R. 797. Plaintiff indicated that she has difficulty lifting her right arm up and

2

reaching and that she cannot lift her left arm over her head or lift a gallon of milk. R. 800, 803. Plaintiff also reported arthritis in her spine. R. 804. She stated that she has depression from having pain. R. 797–98. Plaintiff reported taking medication for her arthritis and depression. R. 793.

Plaintiff testified that, for approximately the last three years, an in-home caregiver assists her with daily activities 25 hours a week. R. 788–89. The caregiver takes Plaintiff to appointments, helps make supper, cleans the house, helps Plaintiff get dressed, helps Plaintiff use the restroom, assists Plaintiff with wiping, and helps with bathing. R. 790. Plaintiff stated that she cannot vacuum, take anything out of the oven, or stir pots on the stove. R. 794. As for her typical day, Plaintiff testified that she gets up to watch the news. Then her caregiver makes her some lunch, and Plaintiff lays down for a couple hours. Depending on how she feels, she goes to the store and then tries to help with dinner. R. 794. Plaintiff indicated that she spends most of the time in bed or an electric recliner. R. 795, 802. She spends about three hours a day laying down in bed. R. 795. Plaintiff will occasionally get up and walk around for ten minutes or so. R. 802. She does not go anywhere besides medical appointments and grocery stores. R. 797. She testified that she did not currently have a driver's license. She lost her license eight years prior for "drunk driving" and did not attempt to get it back because her knee prevents her from driving. R. 786–87.

Plaintiff uses crutches for standing and walking about 75% of the time. R. 787. She reported that a doctor prescribed the crutches around 2014. *Id.* Plaintiff stated that whether she uses the crutches depends on how she feels that day. She explained that if she walks in the house, she can occasionally hold on to furniture to get around, but she generally uses the crutches when she leaves the house. R. 788.

3

In a sixteen-page decision dated November 5, 2024, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act since June 17, 2020, the date the application was filed. R. 754–69. Following the Agency's sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 17, 2020, the alleged onset date. R. 757. Next, the ALJ determined that Plaintiff had the following severe impairments: obesity, rheumatoid arthritis, osteoarthritis, status post right knee replacement, history of degenerative disc disease with status post lumbar fusion, and right shoulder degenerative joint disease. *Id.* The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 759.

After reviewing the record, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to "perform sedentary work as defined in 20 C.F.R. § 416.967(a) except the claimant can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally stoop, crouch, and balance; can never kneel or crawl; can occasionally overhead reach with the right upper extremity; and can frequently reach in other directions with the right upper extremity." R. 760. The ALJ noted that Plaintiff had no past relevant work. R. 767. Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff can perform, including call out operator, telephone info clerk, and contribution solicitor. R. 767–68. Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. R. 768–69. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner.

## LEGAL STANDARD

The Commissioner's final decision will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. § 405(g); *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009)). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowell v. Kijakazi*, 72 F.4th 810, 813 (7th Cir. 2023) (internal quotation marks and citation omitted). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek*, 662 F.3d at 811 (citing *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009)). The ALJ "must build an accurate and logical bridge from the evidence to his conclusion[s]." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citation omitted); *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998)).

The ALJ is also expected to follow the Social Security Administration's (SSA) rulings and regulations. Failure to do so, unless the error is harmless, requires reversal. *See Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999); *Sarchet v. Charter*, 78 F.3d 305, 307 (7th Cir. 1996)).

# ANALYSIS

Plaintiff asserts that the ALJ erred by failing to consider her left shoulder impairment and her related pain and limitation. An RFC is an administrative assessment describing the extent to which an individual's impairments may cause physical or mental limitations or restrictions that could affect her ability to work. SSR 96-8p, 1996 WL 374184, at *2. The RFC represents "the maximum a person can do—despite his limitations—on a 'regular and continuing basis,' which means roughly eight hours a day for five days a week." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (quoting SSR 96-8p). In forming the RFC, an ALJ must review all of the relevant evidence in the record and "consider all limitations that arise from medically determinable impairments." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). An RFC assessment "is a matter for the ALJ alone" to decide. *Id.* The court's task is "to determine whether substantial evidence supports the ALJ's RFC conclusion." *Pepper*, 712 F.3d at 363.

As relevant here, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work except Plaintiff "can occasionally overhead reach with the right upper extremity and can frequently reach in other directions with the right upper extremity." R. 760. The ALJ did not find any limitations related to Plaintiff's ability to use her left arm.

Plaintiff contends that the ALJ did not acknowledge evidence from late 2023 and 2024 that show a degree of limitation in her left shoulder, including MRI evidence showing extensive partial tearing of the biceps tendon, exam findings of decreased range of motion, a steroid injection, and that surgery was expected on her left shoulder. Pl.'s Br. at 5, Dkt. No. 21 (citing R. 805, 1153–54, 1158, 1186, 1191–92). Plaintiff also states that the ALJ did not address her testimony regarding her left shoulder pain, restricted range of motion, and reduced strength. *Id.* (citing R. 763, 1186, 1154). Plaintiff testified that she could not put her left arm over her head or lift a gallon of milk.

6

R. 803. Plaintiff argues that the ALJ's failure to discuss her left shoulder impairment and related pain and limitation is prejudicial because sedentary work requires the ability to lift ten pounds.

The Commissioner concedes that the RFC only restricted use of Plaintiff's right arm and that the ALJ only noted that "X-rays of the claimant's shoulders from April 2024 showed . . . mild AC joint and very minimal glenohumeral arthrosis on the left." R. 763. He nevertheless argues that the ALJ's articulation requirement is "minimal" and that the ALJ adequately addressed Plaintiff's left shoulder impairment by noting the April 2024 X-ray. Def.'s Br. at 8, Dkt. No. 18. The Commissioner states that "we know that the ALJ was well aware of plaintiff's left shoulder complaints," *id.*, because at Step Five, the ALJ explicitly noted that the vocational expert testified that the work would be "available in the same numbers with additional limitations of occasional overhead and frequent reaching with the *bilateral* upper extremities." R. 768 (emphasis added). But it is not clear from the ALJ's decision that he discounted Plaintiff's allegations regarding her left shoulder or found that Plaintiff would be limited to occasional overhead and frequent reaching with both arms.

"An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). The ALJ discussed evidence regarding Plaintiff's right shoulder impairments, but he did not address all of the evidence and findings related to Plaintiff's left shoulder pain and impairment or consider whether the evidence supported greater limitations in the RFC. Although an ALJ is not required to mention every piece of evidence in the record, he cannot ignore entire lines of evidence related to a claimant's condition or impairment. *See Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016).

7

The ALJ's failure to discuss all the evidence related to Plaintiff's left shoulder impairment and to build a logical bridge from that evidence to his conclusions warrants remand in this case.

## CONCLUSION

For these reasons, the decision of the Commissioner is **REVERSED** and **REMANDED** to the Agency pursuant to 42 U.S.C. § 405(g) (sentence four). Although the decision is reversed because of the error in failing to consider Plaintiff's left shoulder impairment and her related pain and limitation, the Commissioner should also address Plaintiff's other claims of error on remand that the ALJ improperly discounted Plaintiff's subjective allegations of right leg pain, equated Plaintiff's ability to perform nonexertional activities with the RFC for sedentary work, and failed to sufficiently address the consistency of Plaintiff's daily activities with her allegations of pain. Further consideration of these claimed errors on remand will aid in reaching the final resolution of the case and avoid further remands in the future. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of January, 2026.

William C. Griesbach
United States District Judge